UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KENNETH KIMES,

Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, WARDEN of R.J. DONOVAN, DOES #1–20,

Defendants.

Case No.: 3:26-cv-2799-RBM-SBC

**ORDER:**

**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. 2);**

**(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)**

## I. INTRODUCTION

Plaintiff Kenneth Kimes ("Plaintiff" or "Kimes"), a state prisoner proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, along with exhibits and a motion to proceed *in forma pauperis* ("IFP"). (Docs. 1–3.[1]) In his Complaint, Kimes alleges Defendants violated his Eighth Amendment rights when they failed to adequately

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

respond to a fire releasing fumes into Plaintiff's cell. (Doc. 1 at 4–5.) As discussed below, the Court **GRANTS** Plaintiff's IFP motion a (Doc. 2) and **DISMISSES** the complaint without prejudice.

## II. IFP MOTION

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess," as well as a "certified copy of [their] trust fund account statement (or institutional equivalent) for the … 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a) (1)–(2). Using this financial information, the court assesses an initial partial filing fee which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84

---

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

(2016); 28 U.S.C. § 1915(b)(1)–(2).

In support of his IFP Motion, Kimes has provided a signed copy of his prison certificate and trust account statement which reflects an average monthly balance of $179.37, average monthly deposits of $72.32, and an available account balance of $168.11. (Doc. 3 at 4.) Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial filing fee of $35.87 pursuant to 28 U.S.C. § 1915(b)(1). This initial fee need be collected, however, only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Pursuant to 28 U.S.C. § 1915(b), the agency having custody of Plaintiff will forward payments to the Clerk in installment provisions until the $350 statutory fee is paid in full.

## III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)

### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual

allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

**B. Plaintiff's Allegations**

In his Complaint, Kimes alleges that on May 15, 2024, while he was confined at R.J. Donovan Correctional Facility ("RJD"), his "cell and surrounding area became engulfed in toxic chemical smoke." (Doc. 1 at 4.) Kimes states that the smoke, which purportedly came from a "lithium battery fire near the prison," caused him to be light-headed, dizzy and nauseous. (*Id.*) When Kimes complained, "nobody provided relief." (*Id.*) He alleges that meanwhile, public officials ordered the evacuation of the area surrounding the fire, but Plaintiff was not evacuated. (*Id.*)

Kimes further alleges that as a result of the fire, he was "exposed to lethal chemical smoke which made [him] sick." (*Id.*) Prison officials also failed to "turn off [the] air vents" and failed to provide Plaintiff with a mask to protect him from the smoke. (*Id.* at 5.) Kimes states that as a result, he was "forced to inhale the smoke," which caused him to "choke and pass out." (*Id.*) He states he has suffered long term injuries as a result of the smoke. (*Id.*)

**C. Discussion**

In his Complaint, Kimes names three Defendants: the California Department of Corrections and Rehabilitation ("CDCR"), the RJD Warden, and "Does 1–20." (*Id.* at 3.) He alleges a violation of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983 and seeks money damages. (*See id.* at 4–5.)

**1. Legal Standards**

"'To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law.'" *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d

1143, 1149 (9th Cir. 2011)). In addition, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976).

Here, Kimes alleges state prison officials violated his constitutional rights under the Eighth Amendment. (Doc. 1 at 3.) The Eighth Amendment imposes duties on prison officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In certain instances, this may include protection from exposure to hazardous conditions, including toxic substances. *See e.g.*, *Helling v. McKinney*, 509 U.S. 25, 28–29 (1993) (upholding Eighth Amendment claim based upon exposure to tobacco smoke).

To state an Eighth Amendment claim, an inmate must allege the defendants were deliberately indifferent to a substantial risk of serious harm. *Farmer*, 511 U.S. at 828. This standard "has an objective component and a subjective component." *Hampton v. California*, 83 F.4th 754, 766 (9th Cir. 2023). To satisfy the first prong, the deprivation alleged by a plaintiff must be, "objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). As for the second component, "the inmate must also allege that the defendant official acted, subjectively, with deliberate indifference to inmate health or safety." *Hampton*, 83 F.4th at 766 (internal quotation marks omitted). To do so, the plaintiff must show the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and must have actually "draw[n] the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

**2. CDCR**

First, the Court must dismiss the CDCR as a Defendant. The Eleventh Amendment protects a state from suit in federal court unless the state expressly waives, or Congress

abrogates, this constitutional shield. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This prohibition extends to state agencies—like CDCR. *Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). The CDCR has not waived, nor has Congress abrogated, its immunity under the Eleventh Amendment. *See Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citations and quotations omitted). Accordingly, CDCR has Eleventh Amendment immunity from Plaintiff's claim for money damages and must be **DISMISSED**. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**3. RJD Warden**

The Court must also dismiss RJD Warden as a Defendant. As noted above, "[a]n official is liable under § 1983 only if 'culpable action, or inaction, is directly attributed to them.'" *Hines v. Youseff*, 914 F.3d 1218, 1228 (9th Cir. 2019) (quoting *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011)). Here, Kimes has alleged no facts at all regarding any specific action or inaction taken by the RJD Warden and therefore has failed to state a claim against him. (*See generally*, Doc. 1 at 4–5.)

In addition, the Court notes that § 1983 liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted). A plaintiff may not sue an official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Iqbal*, 556 U.S. at 679.

Accordingly, because Kimes has failed to allege any specific action or inaction taken by Defendant RJD Warden, his Eighth Amendment claim against him must be **DISMISSED** for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

**4. Does 1–20**

Finally, Plaintiff has also failed to state a claim against Defendants, "Does 1–20." (Doc. 1 at 3.) Although the use of fictitiously named Doe defendants is generally not favored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), amendment may be permitted to substitute true names for fictitiously named defendants, *Merritt v. County of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989).[3] As discussed above, however, to state a claim under § 1983 a plaintiff must, at minimum, allege some specific facts describing how each individual person he seeks to sue violated the Constitution. *Iqbal*, 556 U.S. at 676–77; *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (stating a plaintiff must set forth specific facts as to each individual defendant's wrongdoing).

Kimes has failed to do so as to Does 1–20. In his Complaint, Kimes fails to reference any individual conduct by any individual Doe Defendant. Instead, he merely references "Defendants" vaguely and collectively. (*See* Doc. 1 at 4–5.) For instance, Kimes states that he complained about the smoke in his cell but "Defendants provided no care or preventative measure[s]." (*Id.* at 4.) But because Kimes fails to allege any specific conduct by an individual unnamed defendant, his claims against Does 1–20 must be dismissed. *See e.g.*, *Lomeli v. Cnty. of San Diego*, 637 F. Supp. 3d 1046, 1057 (S.D. Cal. 2022) ("Federal courts will dismiss claims against Doe Defendants when the complaint—especially for § 1983 suits—does not even minimally explain how any of the unidentified parties the

---

[3] While Federal Rules of Civil Procedure do not prohibit the use of fictitious parties, Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). Courts especially disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

plaintiff seeks to sue personally caused a violation of the plaintiff's constitutional rights.") (alterations omitted).

If Plaintiff wants to state claims against unknown defendants, he must identify them individually (i.e. Doe 1, Doe 2, etc.) and specify what each unknown individual did. *See Finefeuiaki v. Maui Police Dep't*, 2018 WL 4839001, at *3 (D. Haw. Oct. 4, 2018) (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)); *see also Thomas ex rel. Thomas v. Cnty. of San Diego*, No. 3:20-cv-1979, 2021 WL 2715086, at *3 (S.D. Cal. July 1, 2021) (dismissing with leave to amend a complaint in which the plaintiff "vaguely claim[ed] that all twenty Doe Defendants acted negligently by refusing to provide medical care to [plaintiff] while he was suffering from a serious medical condition") (citation modified).

Therefore, based on the forgoing, the Court **DISMISSES** Plaintiff's Eighth Amendment claims against Defendant Does 1–20 for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b).

### D. Leave to Amend

Given Plaintiff's pro se status, the Court grants him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## IV. CONCLUSION AND ORDER

For reasons discussed above, the Court:

(1) **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. 2).

(2) **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $35.87 initial filing fee assessed, *if those funds are available at the time this order is executed*, and forward whatever balance remains of the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward

payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

(3) **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

(4) **DISMISSES** Plaintiff's Complaint without prejudice in its entirety for failing to state a claim against any Defendant upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

(5) **GRANTS** Plaintiff until **December 28, 2026** to file an amended complaint which cures the deficiencies of pleading discussed above. Plaintiff's amended complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled").

If Plaintiff fails to timely file an amended complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix her complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 29, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE